IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,

    Petitioner,                   No. CIV S-07-2644 LEW JFM P

    vs.

ED FOULK, Executive Director,
Napa State Hospital,              ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed January 18, 2008, petitioner was directed to submit, within thirty days, an application to proceed in forma pauperis or the required filing fee for this action. On January 31, 2008, petitioner filed a request for an extension of time to file an in forma pauperis application, and on February 6, 2008, petitioner timely filed an application to proceed in forma pauperis. Good cause appearing, petitioner's January 31, 2008 request for extension of time will be denied as unnecessary.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

/////

1

1     The exhaustion of state court remedies is a prerequisite to the granting of a
2 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
3 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,
4 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
5 providing the highest state court with a full and fair opportunity to consider all claims before
6 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
7 Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8     In the petition, petitioner avers that he was committed to the California State
9 Mental Health System in 1989 for a term of fifteen years and four months following a finding of
10 not guilty by reason of insanity in criminal proceedings.  By the instant action, petitioner
11 challenges a 2007 jury determination that petitioner's commitment should be extended.
12 Petitioner avers that the matter is presently on appeal in the California Court of Appeal for the
13 Third Appellate District.  Petitioner claims that his appellate counsel has failed to raise two
14 issues on appeal, that the state court of appeal has denied his pro se request to include the two
15 issues in his pending appeal, and that the California Supreme Court denied both a petition for
16 writ of habeas corpus and a subsequent request for reconsideration filed by petitioner to
17 challenge the absence of the two issues from his pending appeal.

18     Where, as here, petitioner's appeal is still pending, "petitioner must await the
19 outcome of his appeal before his state remedies are exhausted, even where the issue to be
20 challenged in the writ of habeas corpus has been finally settled in the state courts."  Sherwood v.
21 Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).[2]  Due to the pendency of petitioner's direct appeal,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] According to petitioner, the state supreme court denied his habeas petition with citations to In re Swain (1949) 34 Cal.2d 300, 304; People v. Duvall (1995) 9 Cal.4th 464, 474; In re Miller (1941) 17 Cal.2d 734; and In re Waltreus (1965) 62 Cal.2d 218.  This court makes no findings as to whether the claims raised in these proceedings have been "finally settled" in the state courts.

his state court remedies are not yet exhausted. Accordingly, the petition should be dismissed without prejudice.³

        Good cause appearing, IT IS HEREBY ORDERED that:

        1. Petitioner's January 31, 2008 request for extension of time is denied as unnecessary;

        2. Petitioner is granted leave to proceed in forma pauperis;

        3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

        IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

        These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified

/////
/////
/////
/////
/////
/////

---

³ Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 | time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 | (9th Cir. 1991).
3 | DATED: March 14, 2008.

                                                                         UNITED STATES MAGISTRATE JUDGE

10 | 12/ke
11 | atte2644.103